IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BYRON SMITH, # 11701-007,**

**Petitioner,**

**vs.**

**J.S. WALTON, and**
**FEDERAL BUREAU OF PRISONS,**

**Respondents.**                    Case No. 13-cv-260-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

    Petitioner Byron Smith, currently incarcerated in the United States Penitentiary, Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the execution of his sentence. In 1990, Smith was convicted in the District of Columbia of burglary, attempted rape and sodomy, for which he was sentenced to imprisonment for 45-135 years. Smith contends that because he was sentenced under the laws of the District of Columbia, regardless of where he is incarcerated, he is entitled to Educational Good Time credits for completing certain academic and vocational programs. *See* D.C. Code § 24-221.01; 28 C.F.R. § 523.33.

    Without commenting on the merits of petitioner's claims, the Court concludes that, except for including the Federal Bureau of Prisons as a respondent, the petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts. The

proper respondent to a Section 2241 petition is the prisoner's immediate custodian—in this situation, Warden J.S. Walton. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442, 447 (2004); *Kholyavskiy v. Achim*, 443 F.3d 946, 948-49 (7th Cir. 2006). Therefore, the Federal Bureau of Prisons shall be dismissed as a respondent.

**IT IS THEREFORE ORDERED** that the Federal Bureau of Prisons is **DISMISSED** as a respondent.

**IT IS FURTHER ORDERED** that respondent Walton shall answer or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the

pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 5th day of April, 2013.

Digitally signed by
David R. Herndon
Date: 2013.04.05
15:37:07 -05'00'

**CHIEF JUDGE
UNITED STATES DISTRICT COURT**