IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BYRON SMITH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 13-260-DRH-CJP |
| | ) |
| ERIC D. WILSON, | ) |
| | ) |
| Respondent. | ) |
| | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner Byron Smith is incarcerated at the Federal Correctional Institution in Petersburg, Virginia serving a term of incarceration imposed by the Superior Court of the District of Columbia. Currently before the Court is Smith's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), as well as his motion for preliminary and permanent injunctive relief (Doc. 13). In both his habeas petition and his motion for injunctive relief, Smith is seeking to have educational good time that he purportedly earned credited against his sentence. For the reasons stated below, Smith's habeas petition and his motion for injunctive relief are both **DENIED**.

## I. BACKGROUND

### A. Relevant Facts

On August 8, 1990, Byron Smith was sentenced to a term of 134 years and six months' imprisonment after pleading guilty to fourteen violations of the D.C. Criminal Code, including sodomy, threats, assault to commit sodomy, unlawful entry, attempted rape, burglary with intent to commit assault, assault with intent to rape, burglary and other related offenses (Doc. 14-2; Doc. 14-3). As a D.C. Code offender whose offense occurred between April 11, 1987 and August 5, 2000, Smith is eligible to receive educational good time as credit against his sentence.

Smith was initially in the custody of the District of Columbia Department of Corrections ("DCDC") in various correctional facilities around the country that contracted with the DCDC to house its prisoners (Docs. 14; 14-2). In July 2001, pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, *see infra* pp. 3–4, Smith was transferred to the custody of the Federal Bureau of Prisons ("BOP"), where he remains today (*see* Doc. 14-1).

When Smith was transferred to the BOP, the DCDC forwarded documents certifying that he had been awarded 54 days of educational good time for his enrollment in four courses at DCDC facilities (Doc. 14-7). While in the custody of the BOP, Smith was awarded an additional 100 days of educational good time for his enrollment in eight courses (Doc. 14-4).

Smith filed the instant habeas action on March 18, 2013 claiming that he was entitled to additional educational good time for various academic or vocational programs and courses that he completed while in DCDC custody and in BOP custody at USP-Leavenworth and USP-Marion (Docs. 1). Smith later filed an amended petition claiming that he was also entitled to additional educational good time for programs or courses that he completed in BOP custody at USP-Hazelton and USP-Tucson (Doc. 22). He also filed a motion for a preliminary and permanent injunction seeking to prohibit the BOP from denying him educational good time in the future and from retaliating against him for filing suit (Doc. 13).

**B. D.C. Revitalization Act & Educational Good Time Credits**

The nature of this challenge requires to court to outline the complex and highly technical system governing the incarceration of D.C. Criminal Code offenders in federal prisons. In 1997, Congress transferred responsibility for the imprisonment of all felons convicted under the D.C. Code from the District of Columbia to the federal government. *See* National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, tit. XI, subtit. C, 111 Stat. 712, 734 ("D.C. Revitalization Act") (codified at D.C. CODE § 24-101). Accordingly, some D.C. Code offenders, including Smith, were transferred from DCDC correctional facilities to facilities operated or contracted for by the BOP. D.C. CODE § 24–101(b).

Under the D.C. Code, offenders whose offenses occurred between April 11, 1987 and August 5, 2000, are eligible to receive educational good time as credit

against their sentences. D.C. CODE § 24–221.01(a); 28 C.F.R. § 523.31. In particular, the statute states that inmates who "successfully participate in an academic or vocational program, including special education and Graduate Equivalency Diploma programs, shall earn educational good time credits of no less than 3 days a month and not more than 5 days a month." D.C. CODE § 24–221.01(a).

The DCDC is responsible for awarding educational good time to offenders for programs and courses that they completed while housed at DCDC facilities (*See* Doc. 15-2, p. 2). For those offenders who were transferred to the BOP, the DCDC forwarded documents to the BOP certifying the educational good time that they had been awarded in the DCDC facilities (Doc. 15-2, p.7). After their transfer, the offenders are still eligible to receive educational good time for completing BOP education programs, and the BOP is responsible for awarding the credits. *See* 28 C.F.R. § 523.31; (Doc. 15-2, p.2).

D.C. offenders incarcerated in a BOP facility can earn five days of educational good time for each month they are enrolled in a designated program, up to the maximum amount designated by the BOP for that type of program. 28 C.F.R. § 523.32(a). If inmates are enrolled in more than one program at the same time, they are limited to a maximum of five days of educational good time credit per month. 28 C.F.R. § 523.32(a).

## II. DISCUSSION

Smith is challenging the calculation of his educational good time credits that have been awarded to him, and therefore his claim is cognizable under 28 U.S.C. § 2241 because he is ultimately challenging the execution of his sentence. *See Romandine v. United States,* 206 F.3d 731, 736 (7th Cir. 2000). The District Court can grant habeas relief only upon a showing by Smith that the execution of his sentence violates federal law or the Constitution. 28 U.S.C. § 2241.

### A. The Habeas Petition and Respondent's Response

In his habeas petition, Smith claims that the BOP has failed to award him the educational good time that he has earned for completing the following academic and vocational programs at various DCDC and BOP correctional facilities:

1. **G.E.D.**—completed in June 1991 in DCDC custody at Frio County Jail, Pearshall, Texas (Doc. 1);

2. **Stress & Anger Management**—six week course completed in December 1998 in DCDC custody at Northeast Ohio Correctional Center (Doc. 1);

3. **Electrical 1 & 2**—six month course completed in October 1999 in DCDC custody at Northeast Ohio Correctional Center (Doc. 1);

4. **Computer 1**—four month course completed in April 2001 in DCDC custody at Northeast Ohio Correctional Center (Doc. 1);

5. **Painting/Drywall Program**—six month course completed in February 2002 in DCDC custody at Sussex II Correctional Center (Doc. 1);

6. **Powered Industrial Truck Training**—completed in September 2003 in BOP custody at USP-Leavenworth (Doc. 1);

7. **Life Connections Program**—20 month program completed in October 2004 in BOP custody at USP-Leavenworth (Doc. 1);

8. **Microsoft Word**—eight month course completed in February 2007 in BOP custody at USP-Hazelton (Doc. 22);

9. **ACE Africans in America**—four month class completed in June 2008 in BOP custody at USP-Hazelton (Doc. 22);

10. **Civics and Government**—four month class completed in September 2009 in BOP custody at USP-Tucson (Doc. 22);

11. **Communication**—two month class completed in September 2009 in BOP custody at USP-Tucson (Doc. 22);

12. **Nutrition**—two month class completed in December 2009 in BOP custody at USP-Tucson (Doc. 22); and

13. **"Several Adult Continuing Educational Programs"**—completed between October 2010 and June 2012 in BOP custody at USP-Marion (Doc. 1; Doc. 14).

In response to Smith's petition, respondent waived any argument regarding Smith's failure to exhaust his administrative remedies before filing his habeas petition (Doc. 24). Respondent argues that Smith has been awarded credit for a number of the above classes and therefore he has already obtained the relief he seeks in his habeas petition (Docs. 14, 21, 24). For the remaining classes, respondent contends either that it has no authority and insufficient documentation to award credits to Smith for classes taken in DCDC custody, or that Smith is not entitled to receive credit classes taken in BOP custody for one reason or another (Doc. 14).

The Court will examine each of Smith's claims in turn.

**B. Programs For Which Smith Has Been Awarded Educational Good Time**

After a careful review of the record, the Court finds that Smith has already been awarded the educational good time that he seeks for a number of programs

listed in his original habeas petition and his amended habeas petition. In particular, Smith has been awarded educational good time for two programs that he completed while housed in a DCDC facility—Electrical 1& 2 and Computer 1—class numbers 3 and 4 on the above list. At the time Smith was transferred to the BOP, the DCDC forwarded paperwork certifying that Smith was entitled to 18 days of educational good time for Electrical 1& 2 (Doc. 14-7, p.5), These days have been credited against Smith's sentence by the BOP (Doc. 14-4). With respect to Computer 1, the DCDC did not certify at the time of Smith's transfer that he was entitled to educational good time for this course. However, after being contacted by respondent and counsel for the BOP, the DCDC forwarded paperwork certifying that Smith was entitled to 25 days of educational good time for this course (Doc. 21). Accordingly, those days have been credited against Smith's sentence by the BOP (Doc. 21-1).

Smith has also been awarded educational good time for a number of programs that he completed while housed in BOP facilities. First, Smith completed a Powered Industrial Truck Training program in September 2003 while housed at USP-Leavenworth—number 6 on the list above. Smith is correct that the BOP did not award him educational good time when he completed this program (*See* Doc. 14). However, after Smith filed this habeas action, the BOP reviewed the program and determined that Smith was eligible for educational good time for completing it (Doc. 14-11). Accordingly, five days of educational good time have been credited against his sentence (Doc. 14-11; Doc. 14-4).

Second, while housed at USP-Hazelton, Smith completed a Microsoft Word class in February 2007 after nine months—number 8 on the list above (Doc. 24). He also completed the ACE Africans in America class in June 2008 after four months—number 9 on the list above (Doc. 24). Again, after Smith filed this habeas action, the BOP reviewed these programs and awarded him 35 days of educational good time for the Microsoft Word class, which is the maximum he can possibly receive for that class (Doc. 24; Doc. 24-1), and 20 days for the ACE Africans in America class (Doc. 24; Doc. 24-1). Those days have been credited against his sentence (Doc. 24-1).

Third, while housed at USP-Tucson, Smith completed a Civics and Government class in September 2009 after three months—number 10 on the list above (Doc. 28). Smith also completed a Nutrition class in December 2009 after two months—number 12 on the list above (Doc. 24). After Smith filed this habeas action, the BOP reviewed these programs and awarded Smith 15 days of education good time for Civics and Government (Doc. 28; Doc. 28-1), and 10 days for Nutrition (Doc. 24; Doc. 24-1). Those days have been credited against his sentence (Doc. 24-1, Doc. 28-1).

Finally, while housed at USP-Marion, Smith completed a number of classes between October 2010 and June 2012 (*See* Doc. 14). The BOP reviewed these classes and determined that, because some of the classes overlapped with one another, Smith could not receive educational good time for all of the classes (Doc. 14); 28 C.F.R. § 523.32(a). He was, however, entitled to a total of 105 days of

educational good time for the classes he completed at USP-Marion, and those days have been credited against his sentence (*See* Doc. 28-1).

Since Smith has already obtained the relief he seeks with respect to these programs and courses, his corresponding claims are denied as moot. *A.M. v. Butler,* 360 F.3d 787, 790 (7th Cir. 2004) (explaining that a case or controversy will become moot if the Court cannot give the petitioner any effective relief).

### C. Programs For Which Smith Has NOT Been Awarded Educational Good Time Credit

After a careful review of the record, the Court finds that Smith has *not* received educational good time for a number of programs that he completed in DCDC custody and BOP custody. However, the Court also concludes that Smith is not entitled to receive educational good time for those programs at this time, and his corresponding claims are denied.

Turning first to Smith's time in DCDC custody, there were three completed items for which he did not receive educational good time: his G.E.D. at Frio County Jail—number 1 on the list above; a stress and anger management class at Northeast Ohio Correctional Center—number 2 on the list above; and a painting and drywall program at Sussex II Correctional Center—number 5 on the list above. Since Smith was in the custody of the DCDC when he completed these tasks, the DCDC was responsible for awarding any and all educational good time for them. At the time of his transfer to the BOP, the DCDC did not forward documentation certifying that Smith was awarded educational good time for these three items.

The BOP cannot credit his sentence unless and until it receives credit certifications from the DCDC. It is Smith's responsibility to obtain those credit certifications from the DCDC, and respondent has provided him with instructions for doing so (*See* Doc. 14, p.7 n.3).

Turning next to Smith's time in BOP custody, there are two completed programs for which he has not received educational good time: the Life Connections Program at USP-Leavenworth—number 7 on the list above; and a communications class at USP-Tucson—number 11 on the list above.

With respect to the Life Connections Program, this program has not been designated by the BOP as eligible for educational good time. According to the Department of Justice, the Life Connections Program is a pre-release, faith-based program aimed at reducing recidivism and reconciling inmates with their victim(s) and the community. *Prisoners and Prisoner Re-entry Programs*, U.S. DEPT. OF JUSTICE ARCHIVES, http://www.justice.gov/archive/fbci/progmenu_programs.html (last visited February 5, 2014). Most importantly to the issue at hand, participants in the Life Connections Program "have no extra incentives to participate - - other than a personal desire to change and grow." *Id.*; (*see also* Doc. 14-13). Consequently, participants cannot receive good conduct time, a reduction in sentence, or any other privileges for completing the Life Connections curriculum (Doc. 14-13). Therefore, Smith is not eligible for any educational good time for his participation in the Life Connections program.

As for the communications class, Smith was enrolled in that class at USP-Tucson from August 14, 2009 until September 4, 2009. During that same time period, he was also enrolled in a Civics and Government class and an Introduction to Typing class. Smith is limited to five days of educational good time credit per month, despite his enrollment in more than one designated program. D.C. CODE § 24-221.01; 28 C.F.R. § 523.32. He received five days of educational good time for the month of August and five for the month of September based on his enrollment in the Civics and Government class (Doc. 28-1), and therefore he has already received the maximum number of credits for those months. Consequently, he is not entitled to any additional credits for his enrollment in the Communications course.

In sum, Smith is not entitled to habeas relief or injunctive relief because the BOP has properly computed and credited his sentence with all of the educational good time to which he is currently entitled.

**D. Future Educational Good Time**

While Smith is not currently entitled to relief, that was not the case when he filed his original habeas petition. Since he filed his habeas petition, the BOP has credited his sentence with an additional 165 days of educational good time, some of which came at the behest of respondent. Without assessing blame for the past failures, the Court wishes to note for future reference the respective responsibilities of Smith and the BOP regarding educational good time. Under current BOP policy, for each program or course that Smith completes in the future, it is up to him to

notify the Supervisor of Education that he is a D.C. Code offender and to request educational good time by submitting an "Inmate Request to Staff Member" form. U.S. DEP'T OF JUSTICE, BOP PROGRAM STATEMENT NO. 5884.02 p. 8 (2002). It is then the responsibility of the Supervisor of Education to certify to Inmate System's Management ("ISM") staff that Smith successfully completed the program, the period of enrollment, and the maximum number of educational good time Smith can earn for that program. *Id.* The ISM staff is then responsible for awarding the educational good time and updating Smith's file and sentence computation data to reflect the credit. *Id.* at 9.

If Smith wishes to challenge any decision regarding an award of educational good time, he should first use the BOP's Administrative Remedy Program before turning to the courts.

### III.  CONCLUSION

Byron Smith's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. His motion for preliminary and permanent injunctive relief (Doc. 13) is also **DENIED**. This action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**
Signed this 5th of March, 2014.

Digitally signed by
David R. Herndon
Date: 2014.03.05
12:51:41 -06'00'

**Chief Judge**
**United States District Court**